1710. Mr. Norris, you have 15 minutes. Thank you, Your Honor. It pleases the Court, I'm here to ask this Court to reverse the decision of the Board in interference. Can you tell us what's going on with the other side, Carnegie Institute of Washington? What's the status of their claims? Carnegie instituted an appeal in this Court following the decision in the patent office and withdrew that appeal at their request. Okay, so what does that mean? What is your understanding of the status of all of their patent claims across those three patents? The Board cancelled all of the involved claims, all the claims which could have interfered with the claims that CSIRO had presented. Those claims are now cancelled permanently because Carnegie has withdrawn its appeal. It has no further basis for those claims to be reinstated. Okay. Why do you think they're not here today? Don't they still have some patent or not? The parties were able to come to an agreement, which was not able to resolve the entire, all the issues in the appeal, but as a result of that agreement, as discussed in the papers that have been filed in this Court, Carnegie has withdrawn its appeal from the hearing in this Court. No dispute between the parties. Why do we have jurisdiction? It just occurs to me. The jurisdiction comes from 35 U.S.C. 141. CSIRO and Bayer CropScience are not satisfied with the decision of the patent office and under that statute have the right to appeal to ask you to overturn that. The decision was to not permit you to trigger an interference, right? No. The decision was at the conclusion of the interference to persist in finally refusing claims 52 to 62 and 69 to 106 of CSIRO's application. Claims of the CSIRO application were not refused and that was the basis for the interference proceeding to a priority phase and priority was determined. But after priority phase was persisted in its decision that claims 52 to 62 and 69 to 106 were unpatentable under 135B1. That decision was based, we submit, on a misconstruction of the statute and furthermore as a second reason why it was incorrect, the judgment at the conclusion of the interference did not take into account the fact that all the claims of the Carnegie patent, which could have provoked an interference, which could have possibly constituted a bar under Section 135B, were now cancelled and being cancelled, they are void. There is no claim of an issued patent to bar CSIRO's claims at this point and the board simply did not take that into consideration in rendering the final judgment and continuing to refuse CSIRO's claims. If we were to agree that the board was wrong to impose a requirement of diligent prosecution, would we then remand the board on the material differences test? How would that work out? I do not believe a remand would be necessary because priority has been determined in this case. So there are no claims in the Carnegie patents that could have been used to impose a bar under 135B. With no claims to present a bar under 135B, there is no longer any need to look into the questions that follow from that condition. But wouldn't they have to look at whether there are material differences between the claim? You do not even think they need to look at material differences at all between the original claim that was copied and the later claims because that is the traditional test? Yes, you are right. That is the traditional test. But to need to consider that test, you would first need some claim of an issued patent which would bar CSIRO's claims if the material difference test was not met. But there are no claims of an issued patent to invoke Section 135B at this point. So to make that argument, you are really relying on your cancellation argument that they should have canceled since Carnegie had no claims at the end of the proceeding, you should have been entitled to your claims. Yes. As this court, I think the analogy to the Fresenius case which this court decided is very apt. In that case, the patent office had canceled claims in a re-examination proceeding and it was during the course of a very long litigation and the appeal in that litigation was in front of this court and the court held the general principle that a final judgment has to be rendered on the facts, the law as it exists at the time of the final judgment. Well, at the time of the final judgment for this interference, the board had determined priority, all of the claims which could have provoked a bar under 135B were canceled. In Fresenius, this court held that canceled claims, claims canceled by the patent office are void ab initio as if they never existed. They cannot support damages under Section 281, so there is no particular reason why they should be able to support a bar under Section 135 of the same statute. So at the time of judgment, the board should have said to itself, these claims which at one time could have provoked a bar under 135B and we would have had to undertake the materials difference test no longer exist. They are as if they never existed. There is no reason to refuse the claims in the CSIRO application. That is the second basis we present in our brief to you in this case. The first basis is that the board's decision in the first instance is simply wrong. It contravenes 67 years of this court's precedence going all the way back to 1946. In 1946 and 1947, the Thompson v. Hamilton and the Krins v. Musher case interpreted Section 135B. At that time, it was Rule 94 of the patent office which was identical to RS-4903 which is now codified essentially identically as Section 135B-1 applicable to this case. And in Krins v. Musher, the board put forward a theory essentially the same as the theory they put forward in their first decision to refuse CSIRO's case, that there is some equitable component of prosecution that requires an applicant to copy the claims within a fixed period. And the CCPA said no. All those equitable doctrines which went before the enactment of the statute are not authority. This was elaborated again by the CCPA in the Corbett case where they went through a detailed analysis of the legislative history of Section 135B and determined that the amendment of RS-4903 and successful enactments converted what had been an equitable doctrine applicable at the court's discretion into a statutory requirement like the statutory time bar of 102B, the application of which is mandatory. The explicit language of Section 135B controls. The CCPA concluded that the quality of the patentee's conduct here is of no moment determining the applicability of the 135B bar and therefore we need not consider the matter further. And that is what the board should have done in its first decision and instead the board put forward a theory which had been tried and rejected all the way back in 1947. Just curious, why is it that you canceled the claim after you introduced the claim within the one-year window? There was a written description rejection against it, right? There was a written description rejection. So in the prosecution of CSIRO's application there were original claims, 14 to 20, which were directed to substantially the same subject matter. Those claims were not elected in response to a restriction requirement. Then the Carnegie patent, CSIRO copied the claims of the Carnegie patent. Those claims were rejected under a written description requirement. The Patent Office could have declared an interference right then based on those claims. I'm asking why did you cancel the claim in the face of a written description rejection? The claims were presented a second time and rejected a second time and at that point it was past the one-year period when you could introduce claims to substantially the same subject matter. And so a decision was taken to attempt to get a patent on claims which would not be barred under 135B. Those claims in turn were rejected at which point it was decided to make an attempt to get everything in front of the board. You're saying you canceled the claims in the first go-round based on what you now believe to have been a misunderstanding of the state of the law? No, we relied at the time on... I mean if you think you can get them now, you should have been able to get them back then, right? It did trigger an interference. Yes. In the first instance, I do not believe that that history actually matters. I'm just curious. Well having been faced with the rejection twice, the decision was taken to attempt to get a patent past the examiner, to convince the examiner of patentable subject matter before undertaking the substantial time and expense of an interference proceeding. This case has been going on for five years. That attempt was made and when it became clear that the only way to get out of the patent office, it appeared, was to go through the claims were reintroduced and at that point, the examiner allowed them to be sent up to the board for consideration of interference. These are almost exactly the pattern of facts in the Krinz versus Musher case. Krinz introduced claims, introduced more claims, canceled those claims, introduced claims that were not relevant to the count and then came back and introduced claims that corresponded to the count and provoked the interference. And in that case, as in here, this court should interpret Section 135B as it did there, allowing the applicant to do that because there is only one condition required in Section 135B and that is that the applicant have filed such a claim before one year after the issuance of the patent. I hope we do not agree with your cancellation argument. Do we need to remand so that the board can consider the material differences test or not? No, I do not believe so. Because, I think I understand you. You are saying that if the board, perhaps in that case, it would be. But I do not believe that is necessary either. Because if you review the Carnegie motion in this case and under the Patent Office's procedural rules, Carnegie in its motion had the burden to show that it was entitled to it did not even compare CSIRO's pending claims to CSIRO's passing claims except in the instance of claims 52 to 61 to admit that they corresponded to the claims which CSIRO had copied timely within the one-year period. For all the other claims, they did not compare CSIRO's claims to the prior claims. So there is no allegation by Carnegie that there are material differences between CSIRO's pending claims. So I am not sure what the board, how the board could find any. And in its decision the board did not find any with respect to the claims that have been now refused. Okay. Thank you. The case is submitted.